THOMAS OLIVER KORBY, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 9255

June 29, 1977                    565 P.2d 1006

*Gregory D. Corn,* of Reno, for Appellant.

*Robert C. Manley,* District Attorney, Elko County, for Respondent.

## OPINION

By the Court, Thompson, J.:

Thomas Korby was prosecuted for supplying a controlled

substance. The jury was unable to reach a verdict. Later negotiation with the district attorney resulted in Korby's plea of guilty to a reduced charge, possession of a controlled substance.

The district court sentenced him to a term of eighteen months in prison, suspended imposition of that sentence and placed him on probation. As a condition of probation the court ordered Korby to reimburse Elko County for jury, witness and mileage fees in the amount of $1,310.85 incurred during the prior unsuccessful prosecution. Korby is not indigent. Whether the court possessed authority to impose that condition of probation is the issue presented for our decision.

1. We find no statute empowering the district court to order payment of jury, witness and mileage fees incurred by a county in an unsuccessful prosecution. A defendant whose trial ends without conviction is not obliged to reimburse the county for the costs of his defense.

Of course a convicted defendant may be required, as a condition of probation, to make restitution.[1] This statute is directed to the restoration of money or property to the victim of the offense of which the defendant is found guilty. And, our recoupment statute, NRS 176.091, empowers the court to order a convicted defendant to pay as costs the expenses incurred by the county in providing such defendant with an attorney. This statute is directed to convicted defendants who are indigent at the time of criminal proceedings against them but who later gain the ability to pay the expenses of legal representation. It is evident that neither statute bears relevance to the issue before us.

2. As noted, our statutes distinguish between defendants who are convicted and those who are not. This classification is noninvidious. Convicted defendants may be subject to orders contemplated by the mentioned statutes. A defendant whose trial ends without conviction is not. Here, as in Oregon, the legislature "could surely decide with objective rationality that when a defendant has been forced to submit to a criminal prosecution that does not end in conviction, he will be freed of any potential liability to reimburse the state for the costs of his

---

[1]NRS 176.189(1): "The Court may order as a condition of probation or suspension of sentence, in appropriate circumstances, that the defendant make restitution to the person or persons named in the order, at the times and in the amounts specified in such order."

defense. This legislative decision reflects no more than an effort to achieve elemental fairness and is a far cry from the kind of invidious discrimination that the Equal Protection Clause condemns." Fuller v. Oregon, 417 U.S. 40 at 50 (1973). This is precisely what our Nevada legislature has done.

3. For the reasons expressed we direct the district court to modify the order of probation by striking therefrom the requirement that Korby reimburse Elko County for jury, witness and mileage fees incurred in the unsuccessful prosecution of him.

BATJER, C. J., and MOWBRAY, GUNDERSON, and MANOU-KIAN, JJ., concur.